# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**UNITED STATES OF AMERICA**

v.

**JUAN PABLO CUEVAS**,

    Defendant.

Case No. 7:14-CR-48 (HL)

# ORDER

Before the Court is Defendant Juan Pablo Cuevas' Motion for Hardship Credit for Hard Time Served. (Doc. 658). On October 1, 2015, Defendant pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 330, 331). The Court sentenced Defendant on January 13, 2016, to a term of imprisonment of 240 months to be followed by three years supervised release. (Doc. 466). Defendant presently is serving his sentence at the Giles W. Dalby Correctional Facility in Post, Texas.

Defendant contends that due to the COVID-19 pandemic, he essentially has been on lockdown status for approximately 510 days. He argues that the conditions imposed by the pandemic response violate his rights under the Fifth, Eighth, and Fourteenth Amendments. Accordingly, he moves the Court to award credit of two days for every one day he has served in custody. For the following reasons, Defendant's motion is **DENIED**.

Once a term of imprisonment has been imposed, a district court does not have the inherent authority to modify the sentence. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005); United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once it has been imposed except: (1) upon motion of the Director of the Bureau of Prisons; (2) when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) when the "term of imprisonment [is] based on a sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines. See 18 U.S.C. § 3582(c). The Court may also consider a defendant's motion for compassionate release upon finding extraordinary and compelling reasons warrant such a reduction and that the defendant has fully exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

Defendant offers no argument that he is entitled to relief under § 3582(c). Nor does Defendant cite to any statutory authority permitting the relief he seeks. To the extent Defendant wishes to challenge the Bureau of Prison's calculation of any time he has served while in the federal prison system, Defendant must pursue relief through a habeas petition. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission."); United States v.

Wilson, 503 U.S. 329, 336 (1992) (explaining that only the Bureau of Prisons has authority to determine the amount of credit a federal prisoner should receive). Should Defendant seek to challenge the conditions of his confinement, he must do so through a civil action brought pursuant to 42 U.S.C. § 1983.

Having identified no other statute or rule that otherwise would authorize the Court to grant Defendant the relief he requests, the Court finds that it is without jurisdiction to modify Defendant's sentence. Defendant's motion is accordingly **DENIED**.

**SO ORDERED**, this 5th day of October, 2021.

*s/ Hugh Lawson*_____<br>
**HUGH LAWSON, SENIOR JUDGE**

aks